IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN JOSE RAMIREZ, <br> ID # 57923-177, <br><br> Movant, <br><br> VS. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:21-CV-2177-D <br> (Criminal No. 3:18-CR-066-D(7)) |

MEMORANDUM OPINION
AND ORDER

Movant Juan Jose Ramirez ("Ramirez"), a federal prisoner, moves to vacate, set aside, or correct his sentence in Criminal No. 3:18-CR-066-D(7) under 28 U.S.C. § 2255. For the reasons that follow, the court denies the motion and dismisses with prejudice this action. The court also denies a certificate of appealability.

I

Ramirez was charged in a ten-count indictment with two counts of conspiracy to possess with intent to distribute a controlled substance and one count of possession with intent to distribute a controlled substance. He was appointed counsel and pleaded guilty to the possession charge under a plea agreement.

In his plea agreement, Ramirez recognized that pleading guilty to the charged offense could impact his immigration status if he was not a United States citizen, and he affirmed his desire to plead guilty regardless of any resulting immigration consequences, even his automatic removal from the country. He also waived his right to appeal his conviction and

sentence and his right to contest the conviction and sentence in any collateral proceeding, except in the limited circumstances set out in the plea agreement. He understood that the court alone would impose his sentence after considering the advisory sentencing guidelines, and that no one could predict with certainty the outcome of the court's consideration of the guidelines. He acknowledged that he had thoroughly reviewed all legal and factual aspects of the case with his counsel, was satisfied with his counsel's representation, had received satisfactory explanations concerning each paragraph of the plea agreement, each of his rights affected by the agreement, and the available alternatives to entering into the agreement, and concluded it was in his best interest to enter into the agreement and its terms instead of proceeding to trial.

At his rearraignment, Ramirez stated under oath that he had carefully read and understood his plea documents before he signed them and that he was not a United States citizen; he understood that by pleading guilty he could be subject to deportation after serving a period of imprisonment, his residency in the United States or his immigration status could be affected, he was subject to a maximum period of imprisonment of 20 years, and he was waiving his right of appeal and of postconviction challenge except in very limited circumstances. Ramirez affirmed that he was not pleading guilty based on any promises by anyone other than those set forth in the plea documents, and that no one had threatened or in any way attempted to force him to plead guilty. He pleaded guilty to the possession count, and the court found that his guilty plea was knowing and voluntary.

The United States Probation Office prepared a presentence investigation report ("PSR") for purposes of sentencing. Ramirez was held accountable in the PSR for 20,160.80 kilograms of converted drug weight based on two undercover drug buys of 400.8 grams of heroin and 988 grams of ice, respectively. His base offense level was 34 based on the quantity of drugs for which he was held accountable. Two levels were added because the offense involved methamphetamine imported from Mexico, and Ramirez was not subject to a mitigating role adjustment since he was found to be an average participant in the underlying drug conspiracy. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. His total offense level of 33 and criminal history category of I resulted in a guideline imprisonment range of 135 to 168 months. Ramirez did not file written objections to the PSR. But in a sentencing memorandum, Ramirez moved for a downward variance under the sentencing factors of 18 U.S.C. § 3553(a).

Ramirez's counsel moved and argued for a downward variance at the sentencing hearing, and the court decided that a variant sentence would not be sufficient in light of the statutory sentencing factors. By judgment dated September 12, 2019, Ramirez was sentenced at the bottom of the guidelines range to 135 months' imprisonment and three years of supervised release. His appeal was dismissed on his motion on April 21, 2021.

Ramirez timely filed his signed § 2255 motion on September 24, 2021, contending that (1) his counsel rendered ineffective assistance; (2) his due process rights were violated during the plea proceedings; and (3) he was constructively denied his Sixth Amendment rights. Respondent United States of America (the "government") filed a response on

November 24, 2021. Ramirez has not filed a reply. Because resolution of some of the grounds for relief may impact some of the remaining claims, the court will address them in a different order than Ramirez has presented.

II

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

III

Ramirez contends his due process rights were violated because he was misled, coerced, and induced by counsel to plead guilty. The court construes this claim as a challenge to the voluntariness of his guilty plea.

A

Ramirez maintains that, despite "stat[ing] that he understood what he was waiving in court, he was never told about enhancements, was never clearly given an understanding about

actual deportation[,]" and was never told about the waiver of his rights to appeal and collaterally challenge his conviction or sentence. Mov. Mem. (ECF No. 3) at 7.[1] He alleges that it "was not explained exactly what he would be waiving, nor how it affected his deportation until after he signed the plea [agreement.]" *Id.* at 8. According to Ramirez, his guilty plea "was mental coercion that was so [overbearing] the will of the defendant that he just compl[i]ed [with] what he was told by his attorney," and was "based on [a]ffirmative [m]isadvice from my court appointed attorney who never had my interest in mind[.]" *Id.* at 8-9. The referenced "misadvice" appears to be his counsel's alleged representation that a guilty plea was Ramirez's only option in the criminal proceedings.

B

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254-55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic

---

[1] Unless otherwise indicated, citations to ECF documents are to filings made in Civil Action No. 3:21-CV-2177-D.

- 5 -

understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002).

Compliance with the admonishments required under Fed. R. Crim. P. 11 "provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Gracia*, 983 F.2d at 627; *see also United States v. Vonn*, 535 U.S. 55, 62 (2002) ("Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea. . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (en banc) (per curiam).

C

Ramirez's contentions that he pleaded guilty because he was misled, coerced, and induced by counsel to do so are unsupported—indeed, refuted—by the record. It shows that Ramirez was advised both through his plea agreement and by the court in person that, by pleading guilty to the offense of conviction, he was subjecting himself to a maximum period of imprisonment of 20 years and potential immigration consequences, including deportation following completion of a term of imprisonment, and was waiving his rights of appeal and postconviction challenge except in very limited circumstances. Ramirez swore in open court

that he understood the consequences of pleading guilty, that no one had threatened or attempted in any way to force him to plead guilty, that he understood that the sentencing guidelines were advisory and that counsel's opinion about how they would apply in his case was not a guarantee or promise, and that he had carefully read and understood the plea documents before he signed them.

Ramirez has failed to overcome the presumption of verity given to his sworn statements in open court and the great evidentiary weight accorded to court records. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). As the court has explained, the contemporaneous plea documents and sworn statements in open court show that Ramirez was clearly informed about, and understood, his maximum sentence exposure, the potential immigration consequences he faced, the waiver of his rights to appeal and collaterally challenge his conviction or sentence, and the role of the advisory sentencing guidelines when he pleaded guilty under the plea agreement; indeed, they contradict his contention that he was misled, coerced, or induced by counsel to plead guilty. His conclusory and self-serving *post hoc* assertions are insufficient to show his plea was involuntary. *See, e.g.*, *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (rejecting challenge to voluntariness of guilty plea where defendant presented "unsupported, after-the-fact, self-serving revisions" contradicting his statements at the Rule 11 plea colloquy); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court

cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). The court accordingly denies this claim.[2]

IV

Ramirez also contends that he was denied the effective assistance of counsel under the Sixth Amendment.

A

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[2]Ramirez generally contends throughout his filings that counsel was "a government agent" and "schemed together" and "worked side by side with" the government in connection with his plea. Mov. Mem. (ECF No. 3) at 4, 8, 10. He provides no facts or evidence, and identifies nothing in the record, to support his allegations. To the extent any of his claims is contingent on these conclusory and unsubstantiated allegations, it is without merit and denied.

assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

B

Ramirez asserts multiple bases in support of his claim of ineffective assistance of counsel: that counsel was ineffective for making derogatory statements about him at sentencing and for failing to be thorough and prepared, provide a defense, object to the importation enhancement, challenge Ramirez's role in the offense, challenge the drug quantity for which Ramirez was held accountable, investigate Ramirez's background, and present a meaningful adversarial challenge.

Ramirez's claims are mostly conclusory. For instance, he does not provide any facts or evidence showing how his counsel was unprepared or not thorough in his representation, what defense or adversarial challenge he could or should have presented, any meritorious

bases for challenging the importation enhancement or determination of his role in the conspiracy, what information he could or should have discovered in investigating Ramirez's background, or how any further investigation would have benefited his case. His conclusory allegations are insufficient to carry his burden under *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

As for counsel's statements at sentencing, Ramirez contends that counsel made derogatory comments about him when counsel stated, "I don't believe that [Ramirez has] a minimal or minor role. I think he knew what was going on and he understands the situation[.]" Tr. (ECF No. 249) at 5[3]; *see also* Mov. Mem. (ECF No. 3) at 2. According to the PSR, Ramirez was an average participant in the underlying drug conspiracy. The criminal investigation determined that Ramirez was one of several drug couriers in a fugitive codefendant's criminal enterprise. Law enforcement observed Ramirez leaving the fugitive codefendant's home to meet and complete a drug transaction with an undercover agent who had contacted the fugitive codefendant to purchase 1 pound of heroin for $12,000. [ *See id.* at ¶ 16 At the direction of the fugitive codefendant on another occasion, Ramirez also sold a confidential source 1 kilogram of methamphetamine. Ramirez offers no facts or evidence

---

[3]This document is found in Criminal No. 3:18-CR-066-D(7).

- 10 -

rebutting the PSR's findings or his factual admissions, and counsel's statements, even taken out of context like Ramirez has, are consistent with the record and evidence before the court. Read in context, it is evident that the challenged statements were made to preface counsel's argument for a downward variance:

> I don't believe that [Ramirez has] a minimal or minor role. I think he knew what was going on and he understands the situation, however, I do think that there are people that were above him that were telling him what to do. And when those people were no longer present, [] Ramirez stopped doing any kind of illegal activities. And so I want to make sure the court understands from [] Ramirez's perspective that once those—those people left and absconded, his activities completely stopped.

Tr. (ECF No. 249) at 5. Under these circumstances, counsel's challenged statements did not fall outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Ramirez has therefore failed to satisfy the first *Strickland* prong as to this claim.

Even if the court assumes without deciding that Ramirez's claims of ineffective assistance of counsel were not waived by his guilty plea, and that counsel rendered deficient performance as alleged, Ramirez also has failed to show prejudice under the second prong of the *Strickland* test.[4] He provides no facts or evidence to show a reasonable probability

---

[4]Because Ramirez's guilty plea was knowing and voluntary, he waived all non-jurisdictional ineffective assistance of counsel claims related to alleged defects during the pretrial stages of the underlying criminal case. *See, e.g., Tollett v. Henderson,* 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (recognizing that non-jurisdictional defect waiver by guilty plea also "includes all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness

that, but for counsel's alleged deficiencies, the result of the proceedings would have been different; in other words, that he would not have pleaded guilty and would have insisted on proceeding to trial, or that his sentence would have been less harsh. *See Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004) (holding that "in the context of a guilty plea, the habeas petitioner must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"); *Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). His conclusory and unsubstantiated assertions of prejudice are insufficient to satisfy his burden under *Strickland*, and his claims are therefore denied.

C

Ramirez also contends that he was constructively denied the effective assistance of counsel under the Sixth Amendment because "he received no meaningful assistance at all from his court appointed counsel." Mov. Mem. (ECF No. 3) at 9. He "asserts that his court appointed counsel failed at every point to oppose the [p]rosecution at all, at all critical stages because [he] instead worked side by side with the prosecution until they obtained a plea." *Id.* at 10. Ramirez posits that his counsel's failure constitutes structural error such that prejudice is presumed under *United States v. Cronic*, 466 U.S. 648 (1984).

---

of the giving of the guilty plea") (internal citations omitted). Ramirez's pre-plea claims of ineffective assistance of counsel unrelated to his challenge to the voluntariness of his guilty plea are therefore subject to denial on this additional basis.

Ramirez's allegations are refuted by the record, and his claim lacks merit. *Cronic*'s presumed prejudice standard is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance." *Cronic,* 466 U.S. at 658-59, 661; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002). It does not apply when counsel has merely failed to oppose the prosecution at specific points of the proceedings; it applies only when counsel has *entirely* failed to challenge the prosecution's case. *See Bell*, 535 U.S. at 696-97.

The record shows that Ramirez's counsel negotiated a plea agreement under which the government agreed to dismiss two conspiracy counts in exchange for Ramirez's guilty plea to the possession count. Without the plea agreement, Ramirez would have been subject to a minimum term of 10 years' imprisonment and a maximum term of life imprisonment—rather than no minimum term of imprisonment and a maximum term of 20 years' imprisonment—had he been convicted at trial of all three counts with which he was originally charged. Ramirez's counsel filed motions, attended hearings, and asserted arguments on behalf of Ramirez during the pretrial and sentencing proceedings. Ramirez has not shown a complete denial of counsel at any stage of the proceedings, a failure by counsel to test the government's case or to oppose the government throughout the proceeding as a whole, or circumstances making it unlikely that any counsel could provide effective

assistance. He has therefore failed to demonstrate that the *Cronic* standard applies. Instead, Ramirez's claim is properly analyzed under the *Strickland* standard.

Ramirez's constructive denial of counsel claim is premised on allegations that counsel had a "[c]onflict of [i]nterest by allowing the [p]rosecutor to manipulate a plea bargain, never inform[ed] him of what he was actually waiving, never discussed what a plea would mean other than it being the only option." Mov. Mem. (ECF No. 3) at 9-10. Ramirez posits only a hypothetical and conclusory conflict of interest, unsubstantiated by any facts or evidence in the record, which is insufficient to merit relief under § 2255. *See Ross*, 694 F.2d at 1011; *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). And the record shows that Ramirez knew and understood "what he was actually waiving" and "what a plea would mean" when he pleaded guilty under the plea agreement. Mov. Mem. (ECF No. 3) at 10. Accordingly, regardless of what his counsel told him regarding the consequences of pleading guilty under the plea agreement, Ramirez has failed to provide any facts or evidence showing a reasonable probability that he would have rejected the plea agreement and insisted on proceeding to trial absent his counsel's alleged deficiencies. Because Ramirez's allegations fail to demonstrate *Strickland* prejudice, the court need not address the performance prong. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). He has not satisfied his burden under *Strickland*, and the claim is denied.

V

Ramirez also appears to allege a claim of cumulative error. He "asserts that the cum[u]lative effect of all Constitutional violations throughout this Writ warrants Habeas Relief." Mov. Mem. (ECF No. 3) at 12.

"'Under the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness.'" *United States v. Fields*, 761 F.3d 443, 483 (5th Cir. 2014) (quoting *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009)). Because Ramirez has failed to establish any constitutional violations on any of his grounds for relief, he has not demonstrated any constitutional errors that may be considered cumulatively. *See, e.g., Tovar v. United States*, 2019 WL 7762200, at *7 (N.D. Tex. Dec. 26, 2019) (Rutherford, J.) (finding that movant was not entitled to § 2255 relief on cumulative error claim where he failed to establish ineffective assistance of counsel under *Strickland*), *rec. adopted*, 2020 WL 470270 (N.D. Tex. Jan. 29, 2020) (Boyle, J.). Therefore, to the extent he asserts a claim of cumulative error, he is not entitled to relief under § 2255, and the claim is denied.

VI

An evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Ramirez has failed to present

independent indicia in support of the likely merit of his claims, and he has therefore failed to demonstrate that he is entitled to an evidentiary hearing on any of his claims.

For the foregoing reasons, the court denies Ramirez's motion under 28 U.S.C. § 2255 and dismisses this action with prejudice.

VII

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that Ramirez has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Ramirez files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

March 20, 2024.

                                                    SIDNEY A. FITZWATER
                                                   SENIOR JUDGE